# WHEELING.

STATE OF WEST VIRGINIA *v.* YATES.

Submitted June 16, 1882—Decided March 17, 1883.

(*WOODS, JUDGE, Absent.)

| 21 | 761 |
| 38 | 64 |
| 21 | 761 |
| 54 | 580 |
| 21 | 761 |
| 56 | 313 |
| 21 | 761 |
| 58 | 43 |
| 21 | 761 |
| 64 | 297 |

1. Where, in an indictment under section 9 of chapter 144 of the Code, the word *feloniously* is used in characterizing the assault in the first part of the indictment and is joined by the copulative and the words, *then and there*, to the subsequent clause which charges the shooting or giving the wound, it is sufficient; and it is not essential that the word *feloniously* shall be again repeated before the allegation of the shooting or wounding in order to make it a good indictment for a felony.   (p. 763.)

2. Before this Court will reverse a judgment for the admission of evidence claimed to be improper, on an exception to such evidence, the exceptor must satisfy it affirmatively that an error to his prejudice has been committed by such admission.   (p. 764.)

3. The decisions of this Court in the cases of *State* v. *Cain* and *Same* v. *Jones*, 20 W. Va. R., reaffirmed.   (p. 766.)

Writ of error to a judgment of the circuit court of the county of Taylor rendered on the 18th day of February, 1880, upon an indictment against Jedediah W. Yates for feloniously shooting with intent to kill, allowed upon the petition of said Yates.

Hon. A. B. Fleming, judge of the second judicial circuit, rendered the judgment complained of.

The facts of the case are stated in the opinion of the Court.

*M. H. Dent*, for plaintiff in error cited the following authorities: 14 Gratt. 696 ; 13 W. Va. 859.

*Attorney-General Watts* for the State cited the following authorities : Code p. 678 § 9; 2 Arch. Cr. Pr. & Pl. 74; 23 Gratt. 972: 8 Car. & P. 632; 1 Bish. Cr. Pr. §§ 445, 446; Code p. 720 § 18 : 12 Cush. 612; 2 Allen 163; 109 Mass. 349; 2 Harr. & J. 426 ; 5 Porter 52; 2 McCord 287; Rice 431: 1 McMull. 189; 26 Mo. 515; 2 Bish. Cr. Pr. § 652; 30

---

*Case submitted before Judge W. took his seat upon the bench.

Conn. 500; 1 Russ. Crimes 746; Code p. 700 § 9; *Id.* p. 678 § 2; *Id.* p. 699 § 1; 97 Mass. 406; 107 Mass. 325; Steph. Dig. Ev. 42, note; 24 How. 224; 1 Greenl. Ev. § 49 and note; Litt. Sel. Cas. 500; 3 Greenl. Ev. (13th ed.) § 15 and note; 9 W. Va. 616; 8 W. Va. 743, 759; 17 Gratt. 566; 19 Ark. 405; 1 Clarke (Ia.) 542; 2 Bish. Crim. Pro. § 660 and note; 2 Arch. Cr. Pr. & Pl. 5; *Id.* 74; 1 Russ. Crimes 719; 7 Blackf. 233.

SNYDER, JUDGE, announced the opinion of the Court:

On the 23d of September, 1879, Jedediah W. Yates was indicted for a felony by the grand jury of Taylor county. The indictment contains two counts founded on the provisions of section 9 of chapter 144 of the Code. The first charges that the said "Jedediah W. Yates, on the —— day of ————, 1879, in the said county, with a certain gun, then and there loaded with gunpowder and leaden shot, feloniously and of his malice aforethought, did shoot one Hezekiah Bailey, with intent him, the said Hezekiah Bailey, then and there to maim, disfigure, disable and kill, against" &c. The second count is, "that Jedediah W. Yates, on the —— day of ————, 1879, in the county aforesaid, *feloniously*, with malice aforethought, in and upon one Hezekiah Bailey did make an assault, he, said Jedediah W. Yates, being then and there armed with a dangerous weapon called a gun, which said gun was then and there loaded with gunpowder and leaden bullets and shot, *and* did *then and there* shoot him, the said Hezekiah Bailey, with intent him, the said Hezekiah Bailey, with set purpose and malice aforethought, to kill and murder, against the peace and dignity of the State."

The defendant appeared, moved to quash said indictment and each count thereof and pleaded not guilty, which motion the court overruled, stating that, "it appearing to the court that the first count charges a felony, and the second count charges a misdemeanor." During the trial the defendant took three several bills of exceptions which will be hereafter considered in their order. The jury found their verdict in the words following: "We, the jury, find the prisoner not guilty of the felony charged in the within indictment, but

find him guilty of an assault and battery, and assess his fine at one hundred and twenty-five dollars." The court after overruling the motion of the defendant for a new trial, on the 18th day of February, 1880, gave judgment on said verdict against the defendant.

It is claimed by the defendant in error in this Court that the circuit court erred in not quashing the second count of the indictment, it being faulty as a count for felony, and, also, in refusing to quash the indictment, because according to the holding of said circuit court, it improperly joins a count for felony with a count for misdemeanor.

We are of opinion that both counts in said indictment are good, and that each sufficiently charges a felony. There is, therefore, no joinder of a count for felony with a count for misdemeanor and we need not in this case consider the effect of such joinder. The fact that the circuit court stated that the second count charged a misdemeanor, even if the said statement be held to mean that said count did not charge a felony, could not have prejudiced the defendant, because under section 18 of chapter 160 of the Code, upon an indictment for felony there may be an acquittal of the felony and a conviction for a misdemeanor if the latter be substantially charged in the indictment. In this case there can be no question that an assault and battery is sufficiently charged in both counts of the indictment.

It is alleged that said second count is fatally defective, because it does not repeat the word *feloniously* where the shooting is charged. The general rule is, that in statutory crimes, an indictment is sufficient which charges the offense in the language of the statute. The word *felony* is not used in the statute under which this indictment was found, and therefore according to this rule the word *feloniously* is not essential. But as the court of appeals of Virginia has held that this word is necessary, and the practice in this State has uniformly followed that decision it would not be judicious now to question it. Where the word *feloniously* is used in characterizing the assault in the first part of the indictment and is joined by the copulative, and the words *then and there*, to the subsequent sentence which charges the shooting or giving the wound, it is sufficient without adding the word

*feloniously* again to the allegation of the shooting; for that word runs through and characterizes the subsequent allegation coupled as it is by the copulative *and* and the words *then and there.* The repetition of the word *feloniously* in the subsequent clause, so connected, would be mere tautology and useless verbiage—2 Bish. Cr. Pro. § 547 and note 4; *Heydon's Case,* 4 Co. 41 a; 1 East P. C. 346; 2 Hawk. P. C. 314; *Maile's Case,* 9 Leigh p. 664.

In the second count of the indictment at bar the word *feloniously* is used in the first part of the count and is coupled with the allegation of the shooting in the subsequent part by the words *and* and *then and there.* These words unite all the clauses together and refer the descriptive word *feloniously* to all the subsequent verbs. The court, therefore, did not err in refusing to quash the indictment, either because the second count defectively charges a felony, or because there is united therein a count for a felony and also one for a misdemeanor.

The next error complained of arises out of the defendant's first bill of exceptions, from which it appears, that the "State introduced evidence to show an assault or attack made by the defendant, with a gun presented, on Hezekiah Bailey, some two years prior to the offense charged in the indictment, for the purpose of showing malice on the part of the accused." This bill of exceptions contains no statement of the evidence which preceded or followed that stated in this bill, and without such statement or the making of said bill a part of some other exception taken in the case, which has not been done here, this Court cannot advisedly say, that the circuit court erred in admitting the evidence complained of to go to the jury. All intendments and inferences are in favor of the ruling of the court below, and before this Court can reverse for the admission of evidence claimed to be improper the exceptor must satisfy the court affirmatively that an error has been committed to his prejudice. Such error does not satisfactorily appear from this bill of exceptions. However, if it were otherwise, we cannot say that the evidence was not proper. For, although where a relevant fact has greater or less weight in proportion to its proximity or remoteness in point of time, place and circumstances, it is

sometimes held that the court may, in its discretion fix the limit beyond which it becomes of inappreciable weight and reject it as immaterial though relevant, it is a practice liable to abuse, and therefore, unless the court can clearly see that it is too remote to be material, the safer and more satisfactory rule is for the court to admit whatever is relevant and leave the question of its weight to the jury—Step. Dig. Ev. 42 note (May's Ed.); *Shrewsbury* v. *Hayward*, 1 Doug. 375; 3 Gr. on Ev. § 15.

The evidence here admitted was relevant to show malice on a previous occasion and as nothing appears to satisfy the court, so far as the exception discloses, that such malice did not continue and exist at the time of the commission of the offense charged in the indictment, we think the court did not err in overruling the defendant's objection to its admission.

It is, also, insisted that the circuit court erred in refusing to give to the jury all, or any, of the instructions requested by the defendant and set forth in his second bill of exceptions. These instructions are as follows:

"1st. If the jury believe from the evidence that the witness, Bailey, was about to make a felonious assault on the defendant with intent to kill him, or to do him grievous bodily harm, and thereupon the defendant shot said Bailey for the purpose of preventing said assault, then the jury must find the defendant not guilty.

"2d. If the jury believe from the evidence that the defendant had reasonable cause to believe that the witness, Bailey, was about to make a felonious assault upon him with an oak stave, with intent to kill him, or do him grievous bodily hurt, at the time he shot said witness, and that said shooting was done to prevent said assault, then the jury must find the defendant not guilty.

"3d. The jury are not warranted in finding a verdict of guilty of any offense in this case unless they are free from all reasonable doubt as to whether the defendant, being a person of ordinary caution and prudence, had reason to believe, and did believe, at the time the shot was fired, that the witness, Bailey, was about to make a felonious assault on him.

"4th. If the evidence and circumstances in this case are sufficient to raise a reasonable doubt in the minds of the jury as to whether the defendant believed the witness, Bailey, was about to make a felonious assault upon him at the time he fired the shot, then they cannot find the defendant guilty, but must acquit him."

The questions involved in these instructions have been fully considered by this Court in the cases of *The State* v. *Cain,* 20 W. Va. 679; and *The State* v. *Jones, Id.* 764. The two first of said instructions are not law for the reasons assigned in the said case of *The State* v. *Cain,* and the two last are clearly in conflict with and contrary to the law of this State as laid down in said case of *The State* v. *Jones.* We do not deem it necessary to repeat here what was decided in those cases, which decisions we are entirely satisfied with and reaffirm. For the reasons assigned in said cases we do not think the court erred in rejecting each and all of said instructions.

The defendant's third and last bill of exceptions contains all the facts proved on the trial and the overruling of the motion of defendant for a new trial upon the ground that the verdict of the jury was contrary to the law and the evidence. The overruling of said motion to set aside the verdict is here assigned and insisted on as error.

Having considered all the legal objections raised in the case and found no error therein, we must now hold that the verdict was not contrary to the law. We are, also, of opinion that the verdict is not contrary to the evidence or the facts proved on the trial. "Where a case has been fairly submitted to a jury, and a verdict fairly rendered, it ought not to be interfered with by the court, unless manifest wrong and injustice has been done, or unless the verdict is plainly not warranted by the evidence or facts proved." *Miller* v. *Insurance Co.,* 12 W. Va. 116; *Grayson's Case,* 6 Gratt. 712; *Thompson's Case, supra.*

We have carefully examined the facts proved on the trial of this case as certified in said third bill of exceptions, and from said facts we are not only of opinion that the verdict is not plainly against the evidence, but that no injury or injustice has been done the defendant and that the verdict is well

warranted by the facts as certified.    Upon a full considera-
tion of the whole case we are of opinion, that there is no
error in the judgment of the circuit court to the prejudice
of the defendant, and, consequently, said judgment is affirmed
with costs to the State, the defendant in error, and thirty
dollars damages.

JUDGES JOHNSON AND GREEN CONCURRED.

JUDGMENT AFFIRMED.