# CHARLESTON.

## ROBINSON v. LOWE.

Submitted September 8, 1904—Decided November 29, 1904.

1. INSTRUCTIONS—*Reversal on Instructions.*
   An erroneous, or irrelevant instruction on a material point is presumed to be to the prejudice of the party appealing, against whom it is given, and will cause reversal, unless it clearly appears from the record that it was harmless. *Ward* v. *Ward,* 47 W. Va. 766. (p. 313).

Error to Circuit Court, Wetzel County.

Action by S. I. Robinson and others against John M. Lowe. Judgment for defendant, and plaintiffs bring error.

*Reversed.*

E. B. SNODGRASS, T. P. JACOBS, and E. L. ROBINSON, for plaintiffs in error.

E. O. KEIFER, for defendant in error.

MILLER, JUDGE:

This case was here once before on writ of error awarded to defendant, Lowe. The then judgment in favor of the plaintiffs was reversed, and the case remanded. See *Robinson* v. *Lowe*, 50 W. Va. 75. It is now here on writ of error to a judgment therein in favor of Lowe for the lands hereinafter referred to. Plaintiffs claim title to a tract of one hundred and thirty-six acres, described by metes and bounds in their declaration, but the lands really in controversy, as shown by the record, are two alleged interlocks, one called the "Island Interlock," and the other the "Gas Well Interlock," the first containing about ten, and the second, about twenty acres.

Counsel for plaintiffs in error concede that the defendant has shown himself entitled to hold, by adversary possession, the Island Interlock. This concession eliminates it from further consideration, and narrows the controversy to the Gas Well Interlock, which is held by The Philadelphia Gas Co. under lease from plaintiff, S. I. Robinson.

There was a trial to jury, a verdict in favor of defendant, a motion to have the same set aside which was overruled, judgment rendered thereon, and exceptions taken and saved on the record by plaintiffs.

Upon the trial, to maintain the issue on their part, the plaintiffs introduced the following documentary evidence: (1) A patent of the commonwealth of Virginia, bearing date on the 1st day of October, 1859, which grants to the plaintiff, S. I. Robinson, by metes and bounds, the tract of 136 acres, described in the declaration; and (2) a deed executed by Jared Morris, as attorney in fact for T. M. Ewart, to the plaintiff, S. M. Robinson, in and by the name of Sarah M. Robinson, bearing date on the 16th day of October, 1877, for 126 acres.

The beginning corner, and most of the other corners and lines, called for in the patent and deed are the same. It thus appears that the one hundred and twenty-six acres are included within the calls of the 136 acres. The record states that the blue prints, and the map from which they are taken, were given in evidence; but no such papers are printed in the record; and none such appear in the former record, to which our attention is called by the brief of counsel for plaintiffs.

There is also evidence tending to prove actual, open and continuous possession of the land by plaintiffs, under their said title papers, and of valuable and permanent improvements made thereon by their tenants.

The defendant introduced as evidence the following papers: (1) A patent of the commonwealth of Virginia, bearing date on the 26th day of October, 1819, which grants to Achilles Morgan, by metes and bounds, a tract of land, containing 300 acres; (2) a deed by Morgan and wife, bearing date on the 14th day of June, 1820, to James Lowe for the same land; (3) a deed from James Lowe and wife, bearing date on the 28th day of July, 1848, to Levi M. Lowe for said land, the first call in the last mentioned deed being 144, instead of 142, poles as stated in the preceding deed and also in the patent; (4) another patent from the commonwealth of Virginia, bearing date on the 31st day of July, 1843, which grants to said Levi M. Lowe, by the name of *Levy* Lowe, 50 acres; (5) a deed from Levi M. Lowe and wife, bearing date on the 5th day of June, 1882, to defendant, John M. Lowe, for a tract of 130 acres, described therein by metes and bounds; and (6) a copy of a survey of 100 acres made on the 10th day of November, 1848, for William King. The defendant also gave in evidence acts by himself and tenants under his said deed, tending to prove his adversary possession of the land in dispute. The patent to plaintiff for the 136 acres begins "at a beech, corner to Levi M. Lowe; and its first line runs thence with two of his (Lowe's) lines, S. 74 E. 54 poles to a hickory; thence N. 25 E. 100 poles to a chestnut oak in Wiliam King's line." We find in the fifty acre patent, those objects, and substantially the said two calls. Plaintiff, S. I. Robinson, who testifies as to the location of those lines and corners, does not claim that his patent, or his wife's deed interlaps the fifty acre patent.

We therefore conclude that there is no interlock of the one hundred and thirty-six, and fifty acre patents, so far as the Gas Well Interlock now in controversy, is concerned. The alleged interlock, if any there be, is occasioned by the deed from Levi M. Lowe to defendant for the one hundred and thirty acre tract. Upon this assumption, plaintiffs' action is based. If any part of the fifty acre tract be included within the Gas Well Interlock, and be also covered by and included in the said deed to defendant, which must be determined by the evidence, then it follows that whatever claim, or title Levi M. Lowe had to such parcel of said fifty acre tract on the 5th day of June, 1882, passed to, and became vested in, the defendant by virtue of the deed to him, of the date last aforesaid.

There is a great mass of evidence, about two hundred and seventy-five pages of printed matter, the most of which relates to the location of the corners and lines mentioned in the alleged title papers, given in evidence by the parties respectively. There is much testimony tending to prove that, if correctly surveyed and laid down, the "Gas Well Interlock" will not fall within the plaintiffs' true boundaries. It is urged by defendant that plaintiffs have not identified the exterior boundaries of the land, claimed by them. The evidence relating to the identification and location of their alleged corners and lines is neither certain nor conclusive. Before the plaintiff can recover in an action of ejectment, he must identify the land claimed, so far as the exterior boundaries thereof are concerned. *Miller* v. *Holt,* 47 W. Va. 7; *Coal Co.* v. *Howell,* 36 W. Va. 490; *Jeffrey* v. *Lemon,* decided at the present term.

The court, at the instance of defendant, and over the objection of plaintiffs, gave to the jury sixteen several instructions, some of which, as plaintiffs contend, are mere abstractions, and others, erroneous, inapplicable and misleading. It is not deemed necessary here to refer specificially to more than one of them, which is in the following words: "The court instructs the jury that in the trial of an action of ejectment it is not necessary for the defendant to show that he has any title to the land in controversy, but can defeat the plaintiffs claim by showing a title to the land in controversy in some other person than the plaintiff."

It is the right of any party to an action or suit to have the

ruling of the court, hypothetically, by way of instructions to the jury, upon the facts to be found by them from the evidence. "Instructions may be shortly defined as directions in regard to the law of the case. * * * The third and most important function of instructions is to declare what rules of law will apply to any state of facts which may be found in the case, and to assist the jury in correctly applying those rules to the facts." 1 Blashfield on Instr. 1, 3; *State* v. *Dodds,* 54 W. Va. 289; Hyde's Digest (W. Va.) Vol. 2. 2826, *et seq.* The plaintiffs contend that defendant introduced the 50 acre patent to prove an outstanding title to the land in controversy in a stranger; and that no evidence having been offered by defendant to show that it was then a subsisting, operative, legal title, on which the owner could have recovered, had he been asserting it in an action, the instruction was for that reason, erroneous, irrelevant and misleading. *Wilson* v. *Braden,* 48 W. Va. 196; *Parkersburg Industrial Co.* v. *Schultz et al,* 43 W. Va. 471; *Reusens* v. *Lawson,* 91 Va. 226; *Greenleaf* v. *Birth,* 6 Pet. 302; Newell on Eject. 652. The instruction was and is erroneous. The defendant asserts that the 50 acre patent was offered, not to show outsanding title, but to establish the boundary of plaintiff's patent; to prove that no interlock existed; and to connect defendant's title with the commonwealth. His contention seems to be the more reasonable, and consistent with the other facts in the case. In this maze of uncertainty, we are left in doubt and confusion. Nevertheless, we are asked to reverse the action of the circuit court and set aside the verdict as being contrary to the law and the evidence, and because of the instructions given as aforesaid. The jury may have found as they did, because they believed from the evidence, that plaintiffs had not sufficiently identified the exterior boundaries of the land claimed by them; that plaintiffs' land did not cover said alleged interlock; that defendant had good and sufficient title to the controverted parcel; or that the title thereto was oustanding in a stranger. It has been repeatedly held that, where a case has been fairly submitted to a jury and a verdict fairly rendered, it ought not to be interfered with by the court, unless manifest wrong and injustice has been done, or unless the verdict is plainly not warranted by the evidence, or facts proved. *Miller* v. *Ins. Co.,* 12 W. Va. 116; *Grayson's Case,* 6 Grat. 112;

*Thompson's Case,* 21 W. Va. 741; *State* v. *Yates,* 21 W. Va. 761.

It is the province of the jury to weigh the testimony, and the appellate court will not disturb their finding, sustained by the lower court, unless it be plainly contrary to the preponderance of the evidence. *Scott* v. *C. & O. R. R. Co.,* 43 W. Va. 484. We cannot therefore disturb the verdict on the question of preponderance of the evidence. But we are not unmindful of the rule that an instruction should not be given, unless relevant, and it is not relevant, unless there be evidence tending to prove the facts on which the instruction is based. *Kerr* v. *Lunsford,* 31 W. Va. 663; *Coffman* v. *Hedrick,* 32 W. Va. 119; *Carrico* v. *W. Va. Cent. & P. R. R. Co.,* 39 W. Va. 86.

In *Ward* v. *Ward,* 47 W. Va. 766, it is held that an erroneous instruction on a material point is presumed to be to the prejudice of the party appealing, against whom it is given, and will cause reversal, unless it clearly appears from the record that it was harmless. *Stevenson* v. *Wallace,* 27 Grat. 77; *Osborne* v. *Francis,* 38 W. Va. 312. We are asked to eliminate and disregard the above instruction as harmless error. The defendant evidently believed that the fifty acre patent tended to show outstanding title, and would thereby materially aid him in his defense. Otherwise, he would not have asked an instruction thereon. It is held in *McVey* v. *St. Clair Co.,* 49 W. Va. 412, that if improper instructions be given, or proper ones refused, on the trial, the judgment will be reversed unless the evidence be so plainly and decidedly in favor of the finding of the jury that the giving or refusal of such instructions amounts to merely harmless error." *Bank of Huntington* v. *Napier,* 41 W. Va. 481. The evidence is conflicting and contradictory upon the material points involved. The instruction being erroneous and irrelevant, we cannot say what effect it had upon the jury. It is presumed to have been predudicial to the plaintiffs.

For the reasons stated, the judgment is reversed, the verdict of the jury set aside, a new trial granted, and the case remanded.

*Reversed.*