GUY TEDESCO, ANCILLARY ADMINISTRATOR *of the Estate of Viola Kosut, non-resident decedent*

*v.*

WEIRTON GENERAL HOSPITAL, *a corporation*

(No. 13655)

Decided March 22, 1977

Rehearing Denied July 1, 1977.

*E. A. Zagula* for appellant.

*Donell, DeLaMater & Hagg, W. Dean DeLaMater* for appellee.

MCGRAW, JUSTICE:

This action is on plaintiff's appeal from judgments of the Circuit Court of Hancock County entered on a jury verdict for defendant and denying plaintiff's motion for a new trial. The complaint claims damages arising from

defendant's negligence causing injuries to plaintiff's decedent while she was a patient in defendant hospital on June 25, 26, and 27, 1971.

The basic issues on appeal are limited to errors claimed to have been committed by the trial court in striking five statements from plaintiff's Exhibit No. 1. This exhibit is defendant's hospital record relating to plaintiff's decedent while a patient in the hospital, stipulated in the trial record as "a copy of the original records maintained at Weirton General Hospital" and shown to have been authenticated and kept under hospital control. The five statements deleted from the hospital record by the trial court are:

"Husband states patient has been drinking heavily."

"Getting up to bathroom, patient states she slid to floor."

"Patient states she got her foot caught in sheets."

"While in bathroom, patient stated she 'hit her head on the silver bar'."

"Patient asking to have bedjacket removed."

Counsel for plaintiff contends the statements "are admissible exceptions to the hearsay rule under the shopbook rule."

Counsel for defendant contends "that the entire hospital chart should have been excluded as hearsay or, in the very least, the expressions of opinion in the various diagnostic interpretations and findings should likewise have been deleted." Counsel for appellee asserts this contention as a cross-assignment of error, but does not press his contention in his brief and arguments.

Stipulation of the entire hospital record was discussed at a pre-trial conference and, at the commencement of the trial, the trial court stated: "Let the record show that the authenticity and proper control of plaintiff's Exhibit No. 1 is stipulated." Counsel for defendant then

added: "As being a copy of the original records maintained at Weirton General Hospital." The hospital record thus became a part of the trial record, but with the five statement entries deleted therefrom by the trial court. Copies of the hospital record, absent the deletions by the trial court, were furnished to the jury for jury room deliberations. *Butler v. Smith's Transfer Corporation*, 147 W. Va. 402, 128 S.E.2d 32 (1962); 73 Am. Jur. 2d, *Stipulations*, §§ 17 and 18 (1974). The trial court's deletions are here in issue and we are asked to decide whether the deleted entries are properly admissible in evidence in this action.

Of the five statement entries deleted from the hospital record by the trial court, apparently on its own motion, one statement is by decedent's husband—"Husband states patient has been drinking heavily"—and the other four statements are by the patient, now deceased.

Plaintiff's complaint alleges the decedent "was admitted (to the defendant hospital) under a diagnosis of chronic alcoholism with impending DTs, diabetes, questionable mild congestive heart failure and anxiety neurosis." During her hospital stay, she was "the recipient of tranquilizers and drugs." She "was in a lethargic state." The complaint alleges that decedent was neglected and was allowed and obliged to fend for herself in the hospital despite knowledge by hospital personnel of her condition. She fell on three different days, the last fall resulting in "injuries to her right orbital area."

Different rules and practices prevail in the several jurisdictions as to the admissibility of statements, utterances and communications in the area of hearsay evidence. The Virginias, common law jurisdictions, developed and employed the shopbook rule and later the regular business entries rule. Note, 39 W. Va. Law Quarterly 174 (1932); Note, 24 Va. L. Rev. 814-821 (1937); Thayer, Cases on Evidence 507-587 (2d Ed. 1900); 5 Wigmore on Evidence, ____ § 1536 (Chadbourn Ed. 1974).

Following development and employment of the shopbook rule in Virginia,

"Around the beginning of the nineteenth century another practice arose of admitting the regular entries of deceased or otherwise unavailable persons. One of the first American cases was decided in Virginia. Now according to the generally accepted view, a business entry is admissible when, among other things, the entrant is unavailable. The types of unavailability being death, insanity, and absence from the jurisdiction. There has been added to this list commercial unavailability, that is, the entry is admissible where the commercial inconvenience in calling the witness outweighs its utility. An example of this latter form of unavailability is where the entry is made by one person in the regular course of business, recording an oral or written report, made to him by one or more persons in the regular course of business, of a transaction lying in the personal knowledge of the latter. There is no objection to receiving that entry under the exception to the hearsay rule of books of original entry, provided the practical inconvenience of producing on the stand the numerous persons thus concerned would in the particular case outweigh the probable utility of doing so. In this instance Virginia and West Virginia have brought the law into accord with business practice without the aid of statutory enactment.

"Therefore, subject to these guarantees of trustworthiness, entries made in the regular course of business are admissible under both the shopbook rule and the entry in the regular course of business rule. Only one distinction between them is apparent, that is, a necessity must be shown to admit third person's books, while no necessity need be shown to admit party books.

"Although the courts have laid down a liberal common-law rule and have done away with many unreasonable restrictions, failure to distinguish the shopbook rule from the regular entry rule has resulted in some confusion, as for example

when a court summarily admitted third person's books when there was no necessity, yet cited the shopbook rule." Nash, The Law of Evidence, Virginia and West Virginia, Section 150 (The Michie Co. 1954).

In the federal practice, Federal Rules of Evidence, effective July 1, 1975, Rule 803(6) largely controls the admissibility of records of a regularly conducted activity.[1] Many states have enacted the Uniform Business Records as Evidence Act, as drafted by the National Conference of Commissioners on Uniform State Laws.[2] Other jurisdictions have varying statutes and rules clar-

---

[1] Rule 803, Rules of Evidence for United States Courts and Magistrates, provides, in part as follows:

"The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

"(6) Records of Regularly Conducted Activity. A memorandum, report, record or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term 'business' as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit."

The Rule replaces the former Federal Business Records Act, 28 U.S.C., §1732

[2] Section 2 of the Uniform Business Records as Evidence Act provides:

"A record of an act, condition or event, shall, in so far as relevant, be competent evidence if the custodial or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the course of business, at or near the time of the act, condition or event, and if in the opinion of court, the sources of information, method, and time of preparation were such as to justify its admission."

In 1974 the National Conference of Commissioners on Uniform State Laws promulgated the Uniform Rules of Evidence Act, drafted to replace the earlier Uniform Business Records as Evidence Act.

ifying the law as to the admissibility of business records in evidence. *Keller v. Wonn,* 140 W. Va. 860, 871, 87 S.E.2d 453 (1955). Two older opinions indicate the vintage of the rule as developed in this State. *West Virginia Architects and Builders v. Stewart,* 68 W. Va. 506, 70 S.E. 113 (1911); *State v. LaRue,* 98 W. Va. 677, 128 S.E. 116 (1925). In the *LaRue* case, points six and seven of the syllabus are as follows:

> "Where an entry is made by one person in the regular course of business, recording an oral or written report, made to him by one or more other persons in the regular course of business, of a transaction lying in the personal knowledge of the latter, there is no objection to receiving that entry under the exception to the hearsay rule of books of original entry, provided the practical inconvenience of producing on the stand the numerous persons thus concerned would in the particular case outweigh the probable utility of doing so."

> "In such case, for the record of entries made in the established course of business on the original books of entry of a corporation, to be admissible as evidence, it is sufficient if the books are verified on the stand by a supervising officer who knew them to be the books of original entry, of the department or corporation under his supervision or control."

Through the years the West Virginia practice has developed and employed the shopbook rule, the regular business entries rule, the *res gestae* exception to the hearsay rule, and the verbal act or verbal fact doctrine to screen and control, in the course of jury trials, the admissibility of statements, utterances and other communications in this area of the law of evidence. While more definitive statutes and rules have merit and may in time be enacted and adopted in this jurisdiction, the Court has little difficulty in its determination and conclusion that the five statement entries, deleted by the trial court from the hospital record in the present case,

are, under the circumstances here shown, admissible in evidence under the regular business entries rule, long a practical working tool in the law of evidence in this State. As above noted in the *LaRue* case, the rule is applicable and usable in criminal trials wherein life and liberty are considerations. If the exacting requirements of evidence in criminal cases allow employment of the rule for screening and controlling the admissibility of statements, utterances and communications, it seems the rule, for stronger reasons, may readily be applicable and usable in the trial of civil actions. In the present action, the four deleted communications made by plaintiff's decedent appear to be trustworthy, to have been timely and routinely entered in the regular course of business, within the scope of the ministerial duties and responsibilities of the hospital personnel having personal knowledge thereof, and to have been made by a person now deceased. The statement made by decedent's husband, at or about the time of his wife's admission to the hospital, appears to be trustworthy and to have been timely entered of record in the regular course of the hospital's business. Additionally, the husband may now be available as a trial witness or his deposition may be taken and received in evidence. In all such cases it will be the responsibility of the trial judge to screen and examine the evidence as offered and to determine its admissibility under the regular business entries rule as developed and employed in this State.

Refusal of the trial court to admit admissible evidence at the trial of an action is presumed to be prejudicial and, where it does not clearly appear that a verdict against a party objecting was unaffected thereby, a judgment rendered thereon shall be reversed. *Findley v. Coal & Coke Railway Co*, 72 W. Va. 268, 78 S.E. 396 (1913); 5A C.J.S., Appeal and Error, § 1739 (1958).

In the context of this case, the Court cannot say with certainty that the jury's verdict was unaffected by the trial court's deletion of and refusal to admit in evidence the statement entries contained in the patient's hospital

record. Accordingly, the judgments of the Circuit Court of Hancock County, entered in this action on August 21, 1974, and December 18, 1974, are reversed, the verdict of the jury is set aside, and a new trial is awarded.

*Reversed, jury verdict set aside; new trial awarded.*