ICIE ARBOGAST, *et al.*

*v.*

RUSSELL VANDEVANDER, *et al.*

(No. 13840)

Decided June 27, 1978.

*Bean & Hamilton, Oscar M. Bean* for appellants.

No appearance for appellees.

NEELY, JUSTICE:

This appeal arises from a dispute over the ownership of a 3.59 acre tract in Pendleton County, West Virginia. Appellants, the Arbogasts, claimed title to the land as devisees of one Don Arbogast, the record owner of the property prior to his death in 1963. Appellees, the Vandevanders, claimed title to the land as purchasers from the same Don Arbogast although no deed was executed. The Arbogasts brought a declaratory judgment action, pursuant to *W.Va. Code*, 55-13-1 *et seq.* [1941], to evict the Vandevanders as tenants who refused to pay rent.

The Vandevanders denied mere tenancy and counter-claimed for specific performance of a partly performed oral contract to sell them the property. The Circuit Court of Pendleton County sitting without a jury found that Russell Vandevander did purchase the land from Don Arbogast and ordered the Arbogasts to execute a deed. No question concerning the Statute of Frauds was fairly raised on this appeal. We affirm.

Appellants assigned as error the lower court's refusal to admit into evidence welfare applications made by Russell Vandevander in 1971 and 1973 for rental allowances for the property he claimed he owned, ruling that the applications were remote,[1] and that the lower court took judicial notice of "how informal and how irregular and how unwisely sometimes, the matters concerning welfare support is actually handled. . . ."

The need for formal rules of evidence applicable in jury trials diminishes when the judge is the sole trier of fact. When a jury is present the judge must carefully control the evidence which they are permitted to consid-

---

[1] It appears from the record that the Vandevanders asserted that the land was fully paid for by July 30, 1958. If such were the case, the rental allowance applications in 1971 and 1973 were made after equitable ownership vested in Russell Vandevander and while these applications do not reflect in a flattering way on Mr. Vandevander's credibility, they do not contain admissions which foreclose the assertion of this claim.

er.[2] However, when a judge sits alone his awareness of evidence either by formal admission or as proffered for admission (with the record appropriately vouched) is frequently sufficient since he will consider all evidence offered according to the weight he accords it. In this case the lower court allowed the rental benefit applications to be entered as exhibits, but denied admissibility on the basis of remoteness. Remoteness usually goes to the weight rather than the admissibility of evidence, and if this were a case before a jury, we might be required to reverse.[3] However, as this case was tried before a judge who had the applications before him and could weigh them in reaching his decision, any error resulted only from the judge's confusing a problem of weight with a problem of admissibility.

Similar reasoning applies to the lower court's taking judicial notice of the welfare department's method of operation. In a jury proceeding the operating procedure of a state agency would not be a fact sufficiently known and accepted to be subject to judicial notice,[4] but when the judge sits alone his personal awareness of the government process only affects the weight he accords the evidence. This is the same process of evaluation which would be used by any juror.

As reflected in the lower court's written opinion, the welfare rental benefit applications were considered by the lower court, although they were not given much weight. We cannot find that the Circuit Court of Pendleton County was clearly wrong. The only error was an

---

[2] This case does not fall within the rule of *Tedesco v. Weirton General Hospital,* W.Va., 235 S.E.2d 463 (1977) that exclusion of relevant and admissible evidence at *jury* trial is presumed to be prejudicial.

[3] In a jury trial, such applications if properly authenticated would probably be admissible as declarations against interest of a party, *see Thornsbury v. Thornsbury,* 147 W.Va. 771, 131 S.E.2d 713 (1963), and remoteness would only be a factor of weight for the jury.

[4] *See Boggs v. Settle,* 150 W.Va. 330, 145 S.E.2d 446 (1965).

734

inartful use of terminology, which confused technical issues of admissibility and judicial notice with weight and credibility.

*Affirmed.*