304 S.E.2d 875

Ronald GOUGH and Grace Gough

v.

**Manuel LOPEZ and Anne Ice Lopez, and Westinghouse Electric Corporation, a Foreign Corporation Authorized to do Business in the State of West Virginia.**

No. 15653.

Supreme Court of Appeals of West Virginia.

July 6, 1983.

Franklin D. Cleckley, Morgantown, Dennis H. Curry and Roger D. Curry, Frank V. Sansalone, Fairmont, for appellants.

Herschel H. Rose, Timothy J. Padden, Rose, Southern & Padden, Fairmont, for appellees.

Alfred J. Lemley, Furbee, Amos, Webb & Critchfield, Fairmont, for Westinghouse.

McHUGH, Justice:

This action is before this Court upon an appeal by the appellants, Ronald Gough and Grace Gough, from a summary judgment entered against them in the Circuit Court of Marion County, West Virginia. That judgment was entered by order on May 20, 1982. This Court has before it the petition for appeal, all matters of record and the briefs of counsel.

The appellee is Westinghouse Electric Corporation. The facts giving rise to these proceedings occurred at a manufacturing plant operated by Westinghouse in Fairmont, Marion County, West Virginia. Appellant, Ronald Gough (hereinafter "Gough"), and Manuel Lopez (hereinafter "Lopez") were employees at the Fairmont plant during the period in question.

Gough asserts that in March, 1978, in or near the Westinghouse parking lot, a collision occurred between motor vehicles driven by Gough and Lopez. Later that day, Lopez made several calls to the Westinghouse plant manager to complain about the collision. The petition for appeal states that the plant manager ultimately "hung up" on Lopez. Gough further asserts that on March 13, 1978, subsequent to the collision, Lopez, without provocation, assaulted Gough in the Westinghouse parking lot with a blunt instrument. Gough contends that he was hospitalized as a result of the

assault and became totally and permanently disabled.

Ronald Gough and Grace Gough instituted an action against Manuel Lopez and Anne Ice Lopez in circuit court to recover damages for the motor vehicle collision and for the March 13, 1978, assault. Westinghouse was also a defendant in that action. Gough asserted that Westinghouse, *inter alia,* negligently failed to warn him of the impending assault by Lopez, (1) despite the allegation that Westinghouse knew or should have known of the vicious propensities of Lopez, and (2) despite the allegation that Westinghouse knew or should have known that Lopez was lying in wait in the parking lot of the Westinghouse plant in preparation for the assault upon Gough.[1]

■ By order, the circuit court granted the motion of Lopez for a severance between the claim of Gough against Lopez and the claim of Gough against Westinghouse.[2]

With respect to the claim against Westinghouse, Gough indicated that he would seek to introduce at trial evidence that upon three separate occasions in 1973 Lopez assaulted a Westinghouse employee, Myrtle Louise Miller, at the Fairmont plant. Gough asserted that each of the assaults against Miller was unprovoked, two of which resulted in surgery upon Miller. Gough further asserted that each assault against Miller was reported to Westinghouse management.

Gough contended in circuit court, and contends in this Court, that he was entitled to introduce evidence of the 1973 alleged assaults for the purpose of establishing his theory that Westinghouse had notice of the "vicious propensities" of Lopez and negligently failed to warn Gough of the impending assault of March 13, 1978.[3]

---

1. Although the claim of Gough against Westinghouse is based upon negligence or gross negligence, there is no assertion in the record that the action against Westinghouse is precluded by the laws of this State relating to workers' compensation. *See W.Va.Code,* 23-1-1, *et seq.*

2. It should be noted that, citing *Bowman v. Barnes,* 168 W.Va. 111, 282 S.E.2d 613 (1981), Westinghouse contends before this Court that the circuit court committed error in granting the severance of the claim of Gough against Lopez from the claim of Gough against Westinghouse. We find that contention to be without merit.

    In the action before this Court, the claims against Lopez and Westinghouse are predicated upon separate theories of liability. As count II of the amended complaint indicates, Gough asserts that he was assaulted by Lopez without justification, provocation or excuse and in a willful and malicious manner. No assertion is made with respect to the assault that Lopez was negligent. On the other hand, as count III of that complaint indicates, the claim of Gough against Westinghouse is based upon negligence or gross negligence, i.e., the alleged negligent failure of Westinghouse to warn Gough of the impending assault.

    We are of the opinion, therefore, that the granting of the severance was within the discretion of the circuit court. *See* W.Va.R.Civ.P. 42(c). The *Bowman* case, *supra,* although critical of the granting of separate trials, was concerned with comparative negligence and is not dispositive of the severance issue in this appeal.

3. There is authority for the proposition that one who retains in his employment an employee, whose reputation is such that the employer may foresee that he is likely to make an assault upon other employees, is liable for injury to an employee caused by such an assault. *See* 53 Am. Jur.2d *Master and Servant* § 212 (1970).

    In *Missouri K. & T. Ry. Co. v. Day,* 104 Tex. 237, 136 S.W. 435 (1911), the plaintiff, assaulted by a fellow employee, charged his employer, a railway company, with negligence. The plaintiff indicated that the company knew or should have known that the fellow employee was unfit for employment. The negligence of the company, based upon the evidence, was held by the Supreme Court of Texas to be a jury question.

    The Supreme Court of Kansas in *Murray v. Modoc State Bank,* 181 Kan. 642, 313 P.2d 304 (1957), affirmed the trial court's overruling of a demurrer to the plaintiff's petition, where the plaintiff asserted that the defendant bank negligently retained an employee with known violent tendencies. The plaintiff, a bank customer, alleged that he was assaulted by that employee.

    Thus, the *Murray* case did not involve an assault by an employee against a fellow employee. Nevertheless, the Supreme Court of Kansas recognized that the question of the employer's negligence was for determination at the trial court level. As the Kansas court stated:

    > Construing the pleading most favorably to the petitioner as we must, the issue presented is whether the employer, The Modoc State Bank, was negligent in retaining its managing officer, Breithaupt, who had propensities toward violence. What the evidence will disclose upon trial of the case we are not at liberty to speculate.

    181 Kan. at 649, 313 P.2d at 309.

As reflected in the final order of May 20, 1982, and in the transcript of a pretrial hearing held on March 1, 1982, the circuit court held that the evidence relating to the 1973 alleged assaults by Lopez upon Myrtle Louise Miller would not be admissible at the trial between Gough and Westinghouse. The circuit court concluded that (1) the 1973 alleged assaults were too remote in time to be relevant to the alleged assault against Gough, (2) inasmuch as Lopez was acquitted during a contested peace bond proceeding in Marion County relating to one or more of the 1973 assaults, that acquittal diminished Gough's justification for introducing the 1973 assaults in his action against Westinghouse and (3) because Westinghouse had no apparent legal basis to discipline or discharge Lopez with respect to the 1973 alleged assaults, particularly in view of the acquittal with respect to the peace bond proceeding, evidence of the 1973 assaults would not be admissible against Westinghouse at trial.

As indicated in its final order, the circuit court further held "that evidence of defendant, Manuel Lopez's, reputation for violence upon the Westinghouse property is admissible, but the 'Miller Incidences' can neither be a basis for such reputation evidence nor mentioned in the presence of the jury in the trial against defendant Westinghouse."

It is from the holding of the circuit court, i.e., that the alleged assaults by Lopez in 1973 would not be admissible at the trial against Westinghouse, that Gough appeals to this Court. He asks that we set aside the summary judgment and remand this action to the circuit court for trial. We agree and hold that the circuit court abused its discretion by ruling that the 1973 alleged assaults were not admissible.

First, we conclude that, under the circumstances of this case, remoteness is not a proper ground for the exclusion at the

trial against Westinghouse of evidence relating to the alleged assaults.

In *Yuncke v. Welker*, 128 W.Va. 299, 36 S.E.2d 410 (1945), the jury found in favor of the plaintiff in an action where the plaintiff's injuries allegedly resulted from the negligent operation by the defendant's son of the defendant's automobile. At trial, the circuit court permitted the plaintiff, in establishing his damages, to testify concerning the amount of his earnings as a carpenter within a period of five years prior to the accident. The defendant asserted that such evidence concerning earnings was too remote in time to the accident and that the admission of that testimony thus constituted reversible error. Rejecting the defendant's assertion, this Court held that the circuit court did not abuse its discretion in admitting the plaintiff's testimony with respect to his prior earnings. In syllabus point 5, this Court held as follows:

> Whether evidence offered is too remote to be admissible upon the trial of a case is for the trial court to decide in the exercise of a sound discretion; and its action in excluding or admitting the evidence will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion.

However, this Court, citing *State v. Yates*, 21 W.Va. 761 (1883), elaborated upon the remoteness issue as follows:

> This Court, in dealing with this subject, has said that an abuse of discretion is more likely to result from excluding, rather than admitting, evidence that is relevant but which is remote in point of time, place and circumstances, and that the better practice is to admit whatever matters are relevant and leave the question of their weight to the jury, unless the court can clearly see that they are too remote to be material.[4]

128 W.Va. 311-12, 310 S.E.2d at 416.

In M. Marshall, J. Fitzhugh and J. Helvin, The Law of Evidence in Virginia and

---

**4.** The opinion in *State v. Yates, supra,* states that:

> For, although where a relevant fact has greater or less weight in proportion to its proximity or remoteness in point of time, place and circumstances, it is sometimes held that the

> court may, in its discretion fix the limit beyond which it becomes of inappreciable weight and reject it as immaterial though relevant, it is a practice liable to abuse, and therefore, unless the court can clearly see that it is too remote to be material, the safer and more

West Virginia, § 75 (Michie 1954), it is stated:

> When the question is one of the remoteness of offered evidence, the decision is necessarily largely within the trial court's discretion, although this discretion is not unbounded, but must be governed by sound legal principles. However, in Virginia and West Virginia, so jealously is the jury's province guarded by the careful separation of the functions of judge and jury that, if the evidence tends even slightly to prove a fact from which a fact in issue may be inferred, it will generally be admitted, the weight to be given it being left to the jury.

That language from The Law of Evidence in Virginia and West Virginia was quoted with approval in *Poe v. Pittman*, 150 W.Va. 179, 193–94, 144 S.E.2d 671, 681 (1965). Furthermore, this Court stated in *Arbogast v. Vandevander*, 161 W.Va. 731, 245 S.E.2d 620, 621 (1978), that "[r]emoteness usually goes to the weight rather than the admissibility of evidence...."

■ Evidence of the alleged assaults by Lopez in 1973 is clearly not remote in terms of "place and circumstances." Gough asserts that the 1973 assaults by Lopez occurred upon Westinghouse premises, as did the assault of March, 1978. Gough further asserts that, as in his case, the 1973 assaults were unprovoked and made upon a Westinghouse employee. With respect to the issue of remoteness in time, we note that although the prior assaults are alleged to have occurred in 1973, three separate assaults at that time by Lopez are asserted to have occurred, two of which resulted in surgery upon Ms. Miller. Although Gough's claim against Westinghouse is based upon negligence or gross negligence, the conduct of Lopez in 1973, and with respect to Gough, is alleged to have been intentional and to have resulted in serious injury. We are of the opinion that, under the circumstances of this case, evidence of the assaults of Lopez in 1973 involves a question of weight before the jury, rather than a question of admissibility.

■ Nor do we find the acquittal of Lopez upon the contested peace bond proceedings, or the question of the right of Westinghouse to have disciplined or discharged Lopez upon the alleged assaults of 1973, to be sufficient grounds for the circuit court's ruling that the alleged assaults of 1973 are inadmissible in the trial against Westinghouse. There is nothing in the record before this Court to indicate that the acquittal of Lopez upon the contested peace bond proceedings reached the merits of Lopez's three alleged assaults against Ms. Miller. The record before this Court does not indicate whether the existence of the three assaults was even proven or disproven during the peace bond proceedings. Those proceedings and the resulting judgment of acquittal do not, therefore, preclude Gough from submitting evidence with respect to the three alleged assaults by Lopez against Ms. Miller in 1973.

■ Finally, we do not find the admissibility at trial against Westinghouse of the alleged prior assaults to be dependent upon the question of whether Westinghouse could have disciplined or discharged Lopez for those assaults. The record before this Court is speculative upon the right of Westinghouse to have disciplined or discharged Lopez and thus cannot constitute a sufficient ground for the rejection of Gough's evidence concerning the alleged assaults.

Upon all of the above, the final order of the Circuit Court of Marion County, West Virginia, is hereby reversed, and this case is remanded to that court for proceedings consistent with this opinion.

Reversed and remanded.

satisfactory rule is for the court to admit whatever is relevant and leave the question of its weight to the jury....

21 W.Va. at 764–65.